UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| JOHN C. DOUGLAS,<br><br>                    Petitioner,<br><br>v.<br><br>TYRELL DAVIS,<br><br>                    Respondent. | Case No. 1:24-cv-00391-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner John C. Douglas (Petitioner) has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 1. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review each habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.

Having reviewed the Petition, the Court concludes that Petitioner may proceed to the next stage of litigation in this matter—a determination of whether his filing is procedurally proper.

**REVIEW OF PETITION**

### 1. Background

In 2016, Petitioner was convicted of two counts of first degree murder and one count of attempted first degree murder in an Idaho state district court. He was a co-defendant with Anthony Robins, whose conviction was reversed on appeal as a result of an error that was common to both cases. However, Petitioner's counsel did not file a motion or join Robins' motion on the same basis.

In Petitioner's criminal case, he filed a direct appeal, completed in 2018. He next filed a post-conviction action, which he later voluntarily dismissed on appeal. Ten months after *State v. Robins*, 431 P.3d 260 (2018), was entered, vacating Robins' conviction, Petitioner filed a successive post-conviction action. The state district court dismissed the action. The Idaho appellate court decided that Petitioner's successive post-conviction action was untimely and improper, because he knew of the basis for the *Robins* claim earlier, and should have brought it in his first post-conviction action. Thus, in state court, Petitioner's *Robins* claim was never adjudicated on the merits, but was dismissed on procedural grounds.

Petitioner now seeks habeas corpus relief in federal court. It appears that this is Petitioner's first habeas corpus action challenging his 2016 convictions. If he previously filed a federal habeas corpus action challenging the same convictions, and that habeas corpus petition was dismissed with prejudice, the parties should notify the Court, because there would be no jurisdiction for the Court to adjudicate a second or successive petition without Petitioner having obtained prior authorization from the United States Court of

Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A); *see Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

## 2. Discussion

In the Petition for Writ of Habeas Corpus, Petitioner assets a Sixth Amendment ineffective assistance of counsel claim against defense counsel for failing to join Robins' motion or file the same motion on Petitioner's behalf in their consolidated criminal case. Dkt. 1 at 6. Upon a preliminary review of the claims and the Idaho Court of Appeals' opinion in *Douglas v. State*, No. 50001, 2024 WL 1928848, at *1 (Idaho Ct. App. May 2, 2024), the Court preliminarily concludes that Petitioner's claim was exhausted, but not properly exhausted, because it was rejected on procedural grounds, rather than adjudicated on the merits in state court. In addition, for federal habeas corpus timing purposes, it appears possible the Petition may have been filed after the statute of limitations expired.

The Court does not have the full record before it to make a final determination on these procedural matters. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal.

## 3. Standards of Law

Given Petitioner's status as a *pro se* litigant, the Court provides the following habeas corpus standards of law which may apply to Petitioner's case, depending on Respondent's response.

### A. *Exhaustion of State Court Remedies*

Habeas corpus law requires that a petitioner "exhaust" his state court remedies

INITIAL REVIEW ORDER - 3

before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have authority to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available, *O'Sullivan*, 526 U.S. at 848, or if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Id.* at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional

dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

An attorney's errors that rise to the level of a violation of the Sixth Amendment's right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

As to another related but different topic–errors of counsel made on *post-conviction review* that cause the default of other claims–the general rule on procedural default is that any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman*, 501 U.S. at 752. This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to the *Coleman* rule to permit the district court to hear procedurally defaulted claims of ineffective assistance of trial counsel. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The *Martinez* Court explained that the limited exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 14.

As to the type of evidence permitted to show a legitimate excuse for procedural default, it is important to note that, admission of new evidence is a rare exception, not the rule. In *Shinn v. Ramirez*, 596 U.S. 366 (2022), the United States Supreme Court stated that "there is no point in developing a record for cause and prejudice if a federal court cannot later consider that evidence on the merits," and that where a petitioner cannot meet § 2254(e)(2), a "*Martinez* hearing would serve no purpose," providing "reason to dispense with *Martinez* hearings altogether." *Id*. at 389. This same reasoning applies to attempts to introduce evidence without an evidentiary hearing. *Id*. (citing *Holland v. Jackson*, 542 US. 649, 653 (2004) (per curiam)). "*Martinez* did not prescribe largely unbounded access to new evidence whenever postconviction counsel is ineffective," the *Ramirez* Court clarified. *Id*. at 387.

*Ramirez* reiterated that post-conviction counsel's fault in failing to produce evidence in state court is attributable to their clients and does not satisfy 28 U.S.C. § 2254(e)(2). *Id*. at 383-87. Petitioners must instead focus any new evidentiary requests on those claims for which § 2254(e)(2) is met. Federal courts "have no warrant to impose any factfinding beyond § 2254(e)(2)'s narrow exceptions." *Id*. at 391.

A petitioner must make a § 2254(e)(2) showing before being permitted to develop new evidence for the purpose of overcoming procedural default. Section 2254(e)(2) provides that, "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim" unless he meets several stringent elements set forth in § 2254(e)(2)(A)(i) or (ii) and (e)(2)(B). The statutory phrase "failed to develop the factual basis of a claim" means that "there is lack of

diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437; *see also Hurles v. Ryan*, 752 F.3d 768, 791 (9th Cir. 2014) ("A petitioner who has previously sought and been denied an evidentiary hearing has not failed to develop the factual basis of his claim.").

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray*, 477 U.S. at 496. To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). A petitioner must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

## B.   *Statute of Limitations*

The 1996 Anti-Terrorism and Effective Death Penalty Act (AEDPA) established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. §

2244(d)(1). Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations.

Title 28 U.S.C. § 2244(d)(1) provides that the one-year statute of limitations is triggered by one of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

However, once a federal statute of limitations has expired, it cannot be reinstated or

resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner was not entitled to tolling for state petitions filed after federal time limitation has run).

If, after applying statutory tolling, a petition is deemed untimely, a federal court can hear the claims if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. To qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999).

The United States Supreme Court has determined that there is an "actual innocence" exception to the AEDPA statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013). To qualify for the exception, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 399 (quoting *Schlup v. Delo*, 513 U.S. at 327). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id*. at 1935. In other words, a petitioner's diligence should not be considered "discretely, but as part of the assessment whether actual innocence has been

convincingly shown." *Id.*

### 4. Augmentation of Record

Generally, the merits of the claims in a federal habeas corpus petition are decided on the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011); 28 U.S.C. §225(e)(2). However, Rule 7 of the Rules Governing Section 2254 Cases grants a federal court authority to expand the existing state court record with "materials relating to the petition." Consistent with *Pinholster*, supplementation of the record by new factual development in state court is permitted only in the following circumstances: (1) when a state court did not decide a claim on the merits, and the claim is properly before the federal court; (2) when the state court factual determination was unreasonable; (3) when a petitioner desires to show cause and prejudice in a procedural default setting; or (4) when a petitioner asserts actual innocence to overcome a procedural default or statute of limitations issue. If a petitioner asks the Court to take judicial notice of items outside the Idaho Supreme Court record, then the Court may do so only for the four limited purposes set forth above.

### ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 1), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary

dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondents file an answer and brief, the Court first will determine the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or for any claims not disposed of on the merits that appear subject to procedural defenses, the Court next will determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

3.  Respondents shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

4.  If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondents' answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

5. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondents' reply, if any, shall be filed and served **within 14 days** thereafter.

6. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

7. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

8. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

9. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a

party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

11. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

12. If Petitioner's custodian changes at any point during this litigation, counsel for Respondents shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as a Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: November 13, 2024

David C. Nye
Chief U.S. District Court Judge